94 F.3d 640
 NOTICE: First Circuit Local Rule 36.2(b)6 states unpublished opinions may be cited only in related cases.
Sheikh Bashir AHMED, M.D., Plaintiff, Appellant,
v.
Berkshire MEDICAL CENTER, INC., Defendant, Appellee.
 No. 95-2326.
 United States Court of Appeals, First Circuit.
 Aug. 21, 1996.
 
 Dr. Sheikh Bashir Ahmed on brief pro se.
 John F. Rogers, Kevin M. Kinne and Cain, Hibbard, Myers & Cook on brief for appellee.
 Before SELYA, CYR and BOUDIN, Circuit Judges.
 PER CURIAM.
 
 
 1
 In 1992, plaintiff Sheikh Bashir Ahmed, M.D. was discharged from his one-year term of employment as a resident in internal medicine at defendant Berkshire Medical Center, Inc., ostensibly because of unsatisfactory job performance. Plaintiff responded by filing the instant action in which he complained, inter alia, of national origin discrimination, denial of due process and breach of contract. Some ten months later, while in the midst of discovery, plaintiff moved for a preliminary injunction reinstating him to the residency position pending final disposition of his allegations. From the district court's denial of such request, plaintiff now appeals on an interlocutory basis. He also seeks to appeal from a district court order denying him leave to amend his complaint.
 
 
 2
 We perceive no error in the district court's decision to deny preliminary injunctive relief. The court applied the proper rule of law, having invoked the four-part test governing such determinations. See, e.g., Narragansett Indian Tribe v. Guilbert, 934 F.2d 4, 5 (1st Cir.1991). Accordingly, "[t]he only real question is whether the district court misused [its] discretion in evaluating the circumstances and calibrating the scales." Independent Oil & Chem. Workers of Quincy, Inc. v. Procter & Gamble Mfg. Co., 864 F.2d 927, 929 (1st Cir.1988); accord, e.g., Conservation Law Foundation, Inc. v. Busey, 79 F.3d 1250, 1271 (1st Cir.1996) (taking note of the lower courts' "broad discretion" in this regard). On the basis of the limited record before it, the district court concluded that plaintiff had not demonstrated a probability of success on the merits, that he had not established irreparable harm, and that the balance of equities and the public interest both tilted in favor of denying injunctive relief. Having reviewed the record in full, and having scrutinized the court's findings "under a relatively deferential glass," Procter & Gamble, 864 F.2d at 929, we find no abuse of discretion.[1]
 
 
 3
 Plaintiff insists that his eventual success at trial is a foregone conclusion. Yet much of the evidence on which he relies is conclusory or otherwise inadmissible. It turns out that the parties' respective evidentiary submissions, when juxtaposed, do little to resolve the underlying factual disputes, particularly concerning the rationale for plaintiff's termination.[2] And the district court cannot be faulted for concluding that, until the allegations of unsatisfactory job performance have been resolved, plaintiff's reinstatement to a position "with responsibility for life and death decisions," Order at 8, might adversely affect the public interest.
 
 
 4
 Plaintiff's appeal from the denial of his motion to amend falters on a different basis: we lack jurisdiction at this juncture to review such an order. It is well settled that "denial of a request to amend a complaint is not usually appealable as an interlocutory matter." Kartell v. Blue Shield of Massachusetts, Inc., 687 F.2d 543, 551 (1st Cir.1982); accord, e.g., 15A Charles Wright, Arthur Miller & Edward Cooper, Federal Practice and Procedure § 3914.1, at 491 & n. 7 (1992 & '96 Supp.) (citing cases). Nothing in the instant case calls for an exception to this rule. Plaintiff can obtain effective review of the court's ruling in this regard on appeal from final judgment.
 
 
 5
 For these reasons, the order denying the motion for a preliminary injunction is affirmed. The appeal from the order denying leave to amend the complaint is dismissed, without prejudice, for lack of appellate jurisdiction.
 
 
 6
 So ordered.
 
 
 
 [1]
 Given our disposition of the merits, we need not address defendant's contention that jurisdiction is lacking under 28 U.S.C. § 1292(a)(1) to review this ruling. See, e.g., Narragansett Indian Tribe, 934 F.2d at 8 n. 5
 
 
 [2]
 With respect to his due process claim, plaintiff objects that the lower court overlooked an allegation of state action in his complaint. That such an allegation does appear therein does not disturb the conclusion that, on the present record, plaintiff has not established a likelihood of success with respect to any of his claims